**In re LOUISIANA TEXAS HEALTH-CARE MANAGEMENT, L.L.C. and Merensy Reef Hospital Corporation, Relators.**

No. 14–11–00503–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 11, 2011.

George D. Gordon, Conroe, Eric Yollick, The Woodlands, Levin J. Benton, Houston, for Relators.

R. Michael McCauley, Jr., Lubbock, Patrick Zummo, Houston, Gene Jones, Beaumont, James M. McCormack, Austin, for real party in interest.

Panel consists of Chief Justice HEDGES, and Justices BROWN, and CHRISTOPHER.

## OPINION

JEFFREY V. BROWN, Justice.

On June 10, 2011, relators, Louisiana Texas Healthcare Management, L.L.C. ("LTHM") and Merensky Reef Hospital Corporation ("MRHC"), filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex.R.App. P. 52. Relators complain that respondent, the Honorable Sylvia Matthews, presiding judge of the 281st District Court of Harris County, abused her discretion in denying their motion to disqualify counsel. A response was filed by the real parties in interest ("Plaintiffs' counsel"). Because the record supports the trial court's implied finding that relators waived their right to seek disqualification, we deny the petition.

The underlying proceeding is a lender liability lawsuit for damages by six parties ("Plaintiffs") against LTHM, MRHC, First National Bank, and others, alleging plaintiffs are still the owners of LTHM. Relators moved to disqualify "all of Plaintiffs' current counsel and law firms" on the grounds they have utilized the services of a consulting expert, Dean Ferguson. Ferguson is "former general counsel of LTHM and was a counsel to MRHC with respect to many of the matters and issues before this Court in this lawsuit." Relators rely upon Rule 1.09 of the Texas Disciplinary Rules of Professional Conduct and seek to extend its application to a lawyer serving as an expert witness against a former client.[1] Relators admit Ferguson never acted as an attorney for Plaintiffs. Following a hearing, the trial court denied relators' motion.

The denial of a motion to disqualify is reviewable by mandamus. *See National Medical Enterprises, Inc. v. Godbey*, 924 S.W.2d 123, 133 (Tex.1996).

Waiver of a motion to disqualify is determined by the filing of the motion. A party who does not file a motion to disqualify opposing counsel in a timely manner waives the complaint. *Vaughan v. Walther*, 875 S.W.2d 690 (Tex.1994) (orig. proceeding). In determining whether a party has waived the complaint, the court will consider the length of time between when the conflict became apparent to the aggrieved party and when the aggrieved party filed the motion to disqualify. *See Wasserman v. Black*, 910 S.W.2d 564, 568 (Tex.App.-

---

1. **Rule 1.09. Conflict of Interest: Former Client**

(a) Without prior consent, a lawyer who personally has formerly represented a client in a matter shall not thereafter represent another person in a matter adverse to the former client:

(1) in which such other person questions the validity of the lawyer's services or work product for the former client;

(2) if the representation in reasonable probability will involve a violation of Rule 1.05; or

(3) if it is the same or a substantially related matter.

(b) Except to the extent authorized by Rule 1.10, when lawyers are or have become members of or associated with a firm, none of them shall knowingly represent a client if any one of them practicing alone would be prohibited from doing so by paragraph (a).

(c) When the association of a lawyer with a firm has terminated, the lawyers who were then associated with that lawyer shall not knowingly represent a client if the lawyer whose association with that firm has terminated would be prohibited from doing so by paragraph (a)(1) or if the representation in reasonable probability will involve a violation of Rule 1.05.

Tex. Disciplinary Rules Prof'l Conduct R. 1.09, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (West Supp.2008) (Texas State Bar R. art. X, § 9).

Waco 1995, orig. proceeding). The court should also consider any other evidence which indicates the motion is being filed not due to a concern that confidences related in an attorney-client relationship may be divulged but as a dilatory trial tactic. *Spears,* 797 S.W.2d at 656.[2] *In re Murphy,* No. 14–08–01017–CV, 2009 WL 707650, *3 (Tex.App.-Houston [14th Dist.] 2009, orig. proceeding) (mem. op.). Factual determinations by the trial court may not be disturbed by mandamus review if those determinations are supported by sufficient evidence. *See Mendoza v. Eighth Court of Appeals,* 917 S.W.2d 787, 790 (Tex.1996) (orig. proceeding).

It is undisputed that relators first learned Ferguson was consulting with Plaintiffs' counsel in discovery responses on or about February 10, 2010. The motion to disqualify was not filed until March 11, 2011, thirteen months later. The issue is when the conflict became apparent to relators. If it was in February 2010, the length of the delay in this case is clearly sufficient to support a finding of waiver. *See HECI Exploration Co. v. Clajon Gas Co.,* 843 S.W.2d 622, 628 (Tex.App.-Austin 1992, writ denied) (trial court did not abuse its discretion in denying motion to disqualify filed eleven months after conflict became apparent); *See Conoco, Inc. v. Baskin,* 803 S.W.2d 416, 420 (Tex.App.-El Paso 1991, no pet.) (trial judge could have reasonably found waiver of the disqualification where relators were first advised of a possible conflict nearly eleven months before the motion to disqualify was filed, and only one and one-half months before the scheduled trial date); and *Enstar Petroleum Co. v. Mancias,* 773 S.W.2d 662, 664 (Tex.App.-San Antonio 1989, orig. proceeding) (where conflict became apparent

as early as December 1988 and trial was set for March 1989, a motion to disqualify the entire firm filed on same date of trial was untimely).

Relators claim they were not aware of the conflict until February 2011, when "LTHM and MRHC discovered that Ferguson was consulting for [Plaintiffs'] attorneys *on the precise subject matter* for which he had acted as their counsel on February 19, 2011. ..." [Emphasis added.] Relators' reason for not filing the motion to disqualify sooner is that "Prior to February, 2011, neither Relators nor their counsel knew on what subject Ferguson was a consulting expert for [Plaintiffs'] attorneys. Relators did not file a motion to disqualify earlier, because Ferguson's knowledge gained as general counsel for RHS, as opposed to his work as general counsel for LTHM or as an attorney for LTHM and MRHC, would not have been the subject of a privilege that Relators LTHM and MRHC could assert and could not be a proper ground for a motion to disqualify."

In support, relators cite *In re Posadas, USA, Inc.,* 100 S.W.3d 254 (Tex.App.-San Antonio 2001, orig. proceeding), and *In re Taylor,* 67 S.W.3d 530 (Tex.App.-Waco 2002, orig. proceeding), and claim that "Texas appellate courts have generally followed the principle that a party cannot waive the right to disqualification of counsel until one has knowledge of the lawyer's past and intended role with respect to the relevant parties and circumstances." Neither case supports relators' position.

We first note that in *Posadas,* relators sought a writ directing the trial court to grant a motion to withdraw filed by relators' attorneys. *Posadas,* 100 S.W.3d at

---

2. *Spears v. Fourth Court of Appeals,* 797 S.W.2d 654, 656 (Tex.1990) (orig. proceed-

ing).

256. *Posadas* did not involve a motion to disqualify, much less disqualify all of the opposing parties' counsel. Additionally, the *Posadas* court found waiver was not a basis upon which the trial court could have denied the motion because "there [was] no evidence that relators had knowledge of the information at any time before their attorneys moved to withdraw." *Id.* at 258.

In the instant case, relators knew in February 2010 that Ferguson, general counsel for RHS, general counsel for LTHM, and an attorney for LTHM and MRHC, was an expert witness for Plaintiffs' counsel in this suit. Unlike *Posadas,* the record does not establish relators had no knowledge of the conflict.

In *Taylor,* suit was filed on September 17, 2011. *Taylor,* 67 S.W.3d at 534. Relator was served, obtained counsel, and the motion to withdraw was filed approximately six weeks later on November 30, 2011. *Id.* The six-week time period alone distinguishes *Taylor* from the case at bar. Further, the court noted the motion was not filed on the eve of any final hearing or trial date as the case was not even set for trial. In this case, trial was set on July 29, 2010, for September 6, 2011. Although the motion to disqualify was not filed on the eve of trial, trial had been set and discovery was ongoing. *See HECI Exploration Co. v. Clajon Gas Co.,* 843 S.W.2d 622, 628 (Tex.App.-Austin 1992, writ denied) (if relator had been "seriously concerned," it would have moved for disqualification before allowing opposing counsel to depose witnesses and otherwise continue its representation at defendant's expense for eleven months). *See also Grant v. Thirteenth Court of Appeals,* 888 S.W.2d 466, 468 (Tex.1994) (orig. proceeding) (untimeliness of motion to disqualify lends support to suspicion motion is being used as delay tactic).

At the hearing, Eric Yollick, counsel for First National Bank and MRHC, testified confidential information pertaining to MRHC was provided to Ferguson by him and was otherwise obtained by Ferguson. Duane Rossmann, a chairman of LTHM and MRHC, testified Ferguson provided legal counsel to LTHM and MHRC about some of the events at issue in this lawsuit and both LTHM and MHRC shared confidential information with Ferguson. Rossmann further testified that Ferguson is still counsel to LTHM and MHRC on one matter. According to Rossmann, Ferguson participated in negotiations between LTHM and First National Bank. First National Bank, LTHM, and MRHC are all named defendants in plaintiffs' suit.

■ From the above testimony, the trial court could have rejected relators' claim that they were unaware Ferguson's consult with the opposing party involved a substantially related matter. Accordingly, the record supports a finding that relators became aware of the conflict in February 2010 when they were told Ferguson was an expert for the opposing party.

Because relators have failed to demonstrate the trial court abused its discretion in denying their motion to disqualify, they have not established they are entitled to mandamus relief. Accordingly, we deny relators' petition for writ of mandamus.