**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed October 9, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00732-CV

## IN RE JUAN CARLOS RUVALCABA, ELAM MEAT MARKET, LLC, SUPERMERCADO LATINO, LLC, JUANKY ENTERPRISES, LLC, AND JUAN CARLOS RUVALCABA AS TRUSTEE OF THE JUAN CARLOS RUVALCABA IRREVOCABLE TRUST, Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**215th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-33606**

---

## MEMORANDUM OPINION

On September 11, 2014, relators Juan Carlos Ruvalcaba, Elam Meat Market, LLC, Supermercado Latino, LLC, Juanky Enterprises, LLC, and Juan Carlos Ruvalcaba as Trustee of the Juan Carlos Ruvalcaba Irrevocable Trust, filed a petition for writ of mandamus with this court. *See* Tex. Gov't Code § 22.221; *see*

*also* Tex. R. App. P. 52. In their petition, relators ask this court to compel the Honorable Elaine H. Palmer, presiding judge of the 215th District Court of Harris County, to vacate an order granting in part and denying in part relators' motion to disqualify the real parties in interest's lead counsel and that attorney's law firm from the underlying litigation, and also to compel the trial court to grant relators' motion in full. In light of the unchallenged decision to disqualify the real parties in interest's lead counsel, we conditionally grant relators' petition challenging the trial court's decision to deny disqualification of the law firm of the real parties in interest's lead counsel.

## I. BACKGROUND

In the underlying litigation, relators filed a motion to disqualify attorney Jacob Monty and the law firm of Monty & Ramirez, LLP as counsel of record for the real parties in interest. Relators based their motion on two distinct grounds. The first ground was an alleged conflict of interest warranting disqualification pursuant to Rules 1.05 and 1.09 of the Texas Disciplinary Rules of Professional Conduct.[1] Specifically, relators alleged that Attorney Monty previously provided legal services to Laura Ruvalcaba, the wife of relator Juan Carlos Ruvalcaba. Relators further alleged that confidential information was discussed between Laura and Attorney Monty in the course of the supposed provision of legal services, and that the real parties are using that confidential information in prosecuting the underlying litigation. The second ground relators asserted in support of

---

[1] *Reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (West 2013) (Tex. State Bar R. art. X, § 9).

disqualification was that Attorney Monty may be called as a fact witness in connection with certain matters in the underlying litigation, warranting disqualification pursuant to Rule 3.08 of the Texas Disciplinary Rules of Professional Conduct. The real parties filed a written response disputing all asserted bases for relators' motion, and further arguing that even if Attorney Monty was disqualified, it would not be appropriate to disqualify the entire firm of Monty & Ramirez.

The trial court held a hearing on relators' motion on August 28, 2014. At the hearing, both relators and the real parties explicitly addressed all of the disciplinary rules identified in relators' motion. After hearing arguments, the trial court rendered its decision to grant relators' motion to disqualify Attorney Monty but deny relators' motion to disqualify the firm of Monty & Ramirez. The court did not state it was basing its decision on any particular disciplinary rule, but rather referred generally to the pleadings and arguments presented by the parties. The same day, the trial court signed a written order granting relators' motion to disqualify with respect to Attorney Monty only. The written order likewise does not identify any particular basis for the court's decision.

In their petition for writ of mandamus, relators argue that the trial court abused its discretion by not disqualifying the firm of Monty & Ramirez after disqualifying Attorney Monty, because Texas courts presume that an attorney at a law firm has access to the confidences of the clients and former clients of the other attorneys of the firm. In response, the real parties argue that the trial court's disqualification of Attorney Monty was premised solely on Disciplinary Rule 3.08, and thus the presumption of shared confidences is not applicable. The real parties

also argue that relators have waived any entitlement to mandamus relief because the facts underlying relators' motion to disqualify allegedly have been known by relators since 2010.

## II. THE STANDARD OF REVIEW

Generally, mandamus relief is appropriate only where the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). However, "there is no adequate remedy on appeal" where a trial court inappropriately denies a motion to disqualify. *In re Columbia Valley Healthcare Sys., L.P.*, 320 S.W.3d 819, 823 n.2 (Tex. 2010) (orig. proceeding). Therefore, relators only need to demonstrate that the trial court abused its discretion. A trial court abuses its discretion if it: (1) reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law; (2) clearly fails to correctly analyze or apply the law; or (3) acts without reference to any guiding rules or principles. *In re Park Mem'l Condo. Ass'n, Inc.*, 322 S.W.3d 447, 449–50 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding). As the party seeking relief, the relator bears the burden of demonstrating entitlement to mandamus relief. *See In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

"Disqualification of a party's counsel is a severe remedy . . . ." *Columbia*, 320 S.W.3d at 825. This measure can cause immediate harm by depriving a party of its chosen counsel and by disrupting court proceedings. *In re Guidry*, 316 S.W.3d 729, 738 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding).

Therefore, "[i]n considering a motion to disqualify, the trial court must strictly adhere to an exacting standard to discourage a party from using the motion as a dilatory trial tactic." *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 423 (Tex. 2002) (per curiam) (orig. proceeding). "The movant bears the burden to prove that the attorney should be disqualified." *In re Gunn*, No. 14-13-00566-CV, 2013 WL 5631241, *2 (Tex. App.—Houston [14th Dist.] Oct. 15, 2013, orig. proceeding) (mem. op., per curiam).

## III. ANALYSIS

### A. The Disqualification of Attorney Monty is Not at Issue in this Original Proceeding.

At the outset, we note that our analysis is framed by the posture in which the trial court's disqualification order is presented to us. Neither relators nor the real parties have sought relief from this court with respect to the trial court's decision to disqualify Attorney Monty. Rather, the only question that has been presented to this court for resolution concerns the trial court's denial of relators' motion to disqualify the firm of Monty & Ramirez after having disqualified Attorney Monty purportedly under Disciplinary Rules 1.05 and 1.09.

Despite not seeking relief from this court with respect to the trial court's decision to disqualify Attorney Monty, the real parties suggest in their response that this court is required to analyze the propriety of that decision because of the nature of relators' arguments in this original proceeding. Specifically, the real parties acknowledge that they have not challenged the trial court's decision to disqualify Attorney Monty "yet." Instead, they suggest that a review of the trial court's decision to disqualify Attorney Monty is an inherent aspect of our review

5

of the issue presented by relators—the trial court's decision not to disqualify the law firm. The real parties offer no support for this passing suggestion.

The real parties have not filed a cross petition seeking any relief. In their response, they merely ask that this court deny relators' petition. The real parties cite to no authority authorizing this court to conduct a *sua sponte* review of an unchallenged trial court decision simply because that decision may have some bearing on the question at issue in this original proceeding. *Cf. Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 577 (Tex. 2006) ("Except for fundamental error, appellate courts are not authorized to consider issues not properly raised by the parties."); *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 930 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("An appellate court has no duty, or even the right, to perform an independent review of the record and applicable law to determine whether there was error. In the review of a civil case, an appellate court has no discretion to consider an issue not raised in an appellant's brief.") (internal citation omitted).

Contrary to the real parties' suggestion, therefore, we do not address and we express no opinion on whether the trial court abused its discretion in disqualifying Attorney Monty. Our analysis in this original proceeding is confined to the issue presented—whether the trial court abused its discretion in not disqualifying the firm of Monty & Ramirez when it disqualified Attorney Monty.

## B. The Trial Court Disqualified Attorney Monty Based, in Part, on Disciplinary Rules of Professional Conduct 1.05 and 1.09.

The real parties' argument that the trial court's order disqualifying Attorney Monty was based solely on Disciplinary Rule 3.08 is not supported by the record.

The real parties cite to a brief colloquy between counsel and the bench during the hearing that the real parties assert makes clear that the trial court disqualified Attorney Monty only because he may be called as a fact witness. Although the cited exchange does indicate that the trial court based its disqualification ruling in part on the fact that Attorney Monty may be called as a witness, this excerpt does not establish that the trial court's ruling was based exclusively on that ground.

Notably, there is no explicit statement by the trial court during this exchange—or anywhere else in the record—that it was rejecting the conflict of interest grounds asserted by relators. Instead, the real parties appear to be basing their argument on the fact that the trial court did not specifically reference conflict of interest at this point in the hearing. But the absence of any reference to conflict of interest during this particular exchange is not persuasive when one considers, as we must, the entire transcript and not just an isolated excerpt. *See Envtl. Procedures, Inc. v. Guidry*, 282 S.W.3d 602, 621 n.23 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (op. on reh'g) ("The same rules of interpretation apply in construing the meaning of a court order . . . as in ascertaining the meaning of other written instruments. The entire contents of the instrument and record should be considered.") (quoting *Lone Star Cement Corp. v. Fair*, 467 S.W.2d 402, 404–05 (Tex. 1971)).

Several aspects of the record support the conclusion that the trial court's disqualification of Attorney Monty was based in part on relators' assertion of a conflict of interest under Disciplinary Rules 1.05 and 1.09. Specifically, when first rendering its decision to disqualify Attorney Monty, the trial court referenced the motion papers and the arguments of counsel at the hearing, which included

arguments pertaining to Rules 1.05 and 1.09. On two occasions, the trial court explicitly mentioned Rules 1.05 and 1.09 as being at issue. Also, the trial court disqualified Attorney Monty from participating in the preparation of the case. *Cf.* Tex. Disciplinary Rules Prof'l Conduct R. 3.08 cmt. 8 ("This rule does not prohibit the lawyer who may or will be a witness from participating in the preparation of a matter for presentation to a tribunal."). In fact, when the real parties' attorney offered to the trial court a copy of a decision of the Texas Supreme Court concerning an attorney's continued involvement in the preparation of a case notwithstanding disqualification under Disciplinary Rule 3.08, the trial court reiterated its ruling, specifically noting that Rule 3.08 was not the only rule at issue. Thus, the record as a whole indicates that the trial court disqualified Attorney Monty based in part on conflict of interest grounds premised on Disciplinary Rules 1.05 and 1.09.

**C. If Attorney Monty Has a Conflict of Interest Warranting His Disqualification, the Same Conflict is Imputed to the Other Attorneys in His Firm.**

"The Texas Disciplinary Rules of Professional Conduct do not determine whether counsel is disqualified in litigation, but they do provide guidelines and suggest the relevant considerations." *In re Hoar Constr., L.L.C.*, 256 S.W.3d 790, 794 n.3 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding) (quoting *Nat'l Med. Enters., Inc. v. Godbey*, 924 S.W.2d 123, 132 (Tex. 1996) (orig. proceeding)); *see also In re Users Sys. Servs., Inc.*, 22 S.W.3d 331, 334 (Tex. 1999) (orig. proceeding) ("Technical compliance with ethical rules might not foreclose disqualification, and by the same token, a violation of ethical rules might not require disqualification."). However, because the parties' arguments in this

original proceeding are largely based on the disciplinary rules, we likewise focus our attention on the rules. *See Users Sys.*, 22 S.W.3d at 334; *Hoar*, 256 S.W.3d at 794 n.3.

Disciplinary Rule 1.05 concerns an attorney's obligation with respect to confidential information acquired in representing a client. That rule provides, in part, that an attorney generally may not "[u]se confidential information of a former client to the disadvantage of the former client after the representation is concluded." Tex. Disciplinary Rules Prof'l Conduct R. 1.05(b)(3). Disciplinary Rule 1.09 concerns conflicts of interests relating to an attorney's former client, and provides, in part, that an attorney may not, absent the consent of the former client, "represent another person in a matter adverse to the former client: . . . (2) if the representation in reasonable probability will involve a violation of Rule 1.05; or (3) if it is the same or a substantially related matter." Tex. Disciplinary Rules Prof'l Conduct R. 1.09(a).[2]

Relators asserted before the trial court that Attorney Monty should be disqualified pursuant to Rules 1.09(a)(2) (which cross-references Rule 1.05) and 1.09(a)(3) because of his prior representation of Laura Ruvalcaba. And, as addressed above, the trial court based its decision to disqualify Attorney Monty in part on Rule 1.09. When an attorney is precluded by Rule 1.09(a) from participating in a matter, the prohibition extends to all other attorneys at the disqualified attorney's current firm. Tex. Disciplinary Rules Prof'l Conduct R.

---

[2] The prohibition in Rule 1.09(a)(3) concerning work on a substantially related matter "largely overlaps the prohibition contained in paragraph (a)(2)" of Rule 1.09. Tex. Disciplinary Rules Prof'l Conduct R. 1.09 cmt. 4B.

1.09(b); *see also In re Basco*, 221 S.W.3d 637, 638–39 (Tex. 2007) (per curiam) (orig. proceeding); *In re Mitcham*, 133 S.W.3d 274, 276 (Tex. 2004) (per curiam) (orig. proceeding).

Additionally, if a lawyer works on a matter, "there is an irrebuttable presumption that the lawyer obtained confidential information during representation." *Columbia*, 320 S.W.3d at 824. Furthermore, an "attorney's knowledge is imputed by law to every other attorney in the firm." *Nat'l Med.*, 924 S.W.2d at 131. Consequently, there is an "irrebuttable presumption that an attorney in a law firm has access to the confidences of the clients and former clients of other attorneys in the firm." *Id.*; *see also Mitcham*, 133 S.W.3d at 276 ("For attorneys, there is an irrebuttable presumption they gain confidential information on every case at the firm where they work (whether they work on them or not).").

Given the "irrebuttable presumption" recognized by the supreme court coupled with the firm-wide preclusion under Disciplinary Rule 1.09(b), we conclude that the trial court abused its discretion by not disqualifying the firm of Monty & Ramirez from serving as counsel for the real parties after disqualifying Attorney Monty pursuant to Disciplinary Rules 1.05 and 1.09. Even though the Disciplinary Rules of Professional Conduct do not control whether disqualification is required, "we see no reason not to apply [the rules] in this case." *Henderson v. Floyd*, 891 S.W.2d 252, 254 (Tex. 1995) (per curiam) (orig. proceeding). If Attorney Monty's representation of the real parties raises a genuine threat that confidential information from Laura Ruvalcaba may be used in a manner adverse to her so as to warrant disqualification, that same threat necessarily must be present with respect to the other attorneys with Monty & Ramirez because the remainder

10

of the firm is imputed by law to have the same knowledge as Attorney Monty. *See Mitcham*, 133 S.W.3d at 276; *Nat'l Med.*, 924 S.W.2d at 131. Thus, in this circumstance, there is no apparent justification for not extending Attorney Monty's disqualification to his current firm pursuant to Disciplinary Rule 1.09(b).

**D. The Record Does Not Establish as a Matter of Law that Relators Waived Their Complaint.**

The real parties argue that we should deny relators' petition on the grounds of waiver, asserting that the facts underlying the motion to disqualify have been known to relators since December 2010. As noted above, the conflict of interest alleged by relators stems from Attorney Monty having provided legal services to Laura Ruvalcaba. Those services appear to have been rendered sometime around late 2010 to early 2011. The underlying litigation commenced in June 2012 with a petition filed by Attorney Monty and the firm of Monty & Ramirez. But relators did not file their motion to disqualify until July 2014. The real parties contend this demonstrates relators' waiver of the issue, and thus provides this court a basis to deny the mandamus petition. This issue, however, is not as straightforward as the real parties contend.

"A party who does not file a motion to disqualify opposing counsel in a timely manner waives the complaint." *In re La. Tex. Healthcare Mgmt., L.L.C.*, 349 S.W.3d 688, 689 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) (quoting *In re Murphy*, No. 14-08-01017-CV, 2009 WL 707650, *3 (Tex. App.—Houston [14th Dist.] Mar. 5, 2009, orig. proceeding) (mem. op.)). "In determining whether a party has waived the complaint, the court will consider the length of time between when the conflict became apparent to the aggrieved party and when

the aggrieved party filed the motion to disqualify." *Id.* "The court should also consider any other evidence which indicates the motion is being filed not due to a concern that confidences related in an attorney-client relationship may be divulged but as a dilatory trial tactic." *Id.* at 690.[3]

"Generally, waiver presents a question of fact, but when the facts and circumstances are admitted or clearly established, the question becomes one of law." *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 394 (Tex. 2014) (internal quotations omitted). The critical question for purposes of the real parties' waiver argument is "when the conflict became apparent to relators." *La. Tex. Healthcare*, 349 S.W.3d at 690; *see also In re Kahn*, No. 14-13-00081-CV, 2013 WL 1197895, *3 (Tex. App.—Houston [14th Dist.] Mar. 26, 2013, orig. proceeding) (mem. op., per curiam) ("Our primary inquiry is when the conflict became apparent . . . ."). On this question, the facts are not admitted or clearly established.

By citing to the timeframe when Attorney Monty rendered legal services to Laura Ruvalcaba, the real parties focus on when she would have obtained knowledge of the conflict of interest that underlies relators' motion to disqualify. But Laura is not a party to the underlying litigation and is not among the relators who moved to disqualify Monty & Ramirez.[4] Her interests are implicated on the

---

[3] The real parties argued waiver before the trial court, but the trial court did not make any explicit ruling on the issue. For purposes of this original proceeding, we can presume the trial court made an implied finding of no waiver, because a finding of waiver would be inconsistent with the trial court's disqualification of Attorney Monty.

[4] The real parties did name Laura Ruvalcaba as a defendant in May 2013, but then removed her as a defendant approximately one month later.

disqualification issue due to the fact that she is married to one of the parties in the underlying litigation and the couple's community property may be affected in the litigation. Thus, even if Laura would have known about the conflict of interest when the underlying litigation was filed in 2012, that does not establish when relators became aware of the conflict.

In their motion to disqualify, relators cited to testimony given by Laura at her deposition in April 2014 regarding Attorney Monty's provision of legal services. At two different hearings before the trial court, relators stated that the conflict of interest grounds for their motion to disqualify was based on Laura's deposition testimony. And in their petition before this court, relators again cite to Laura's April 2014 deposition, stating that is when the information about Attorney Monty's legal assistance was revealed. At best, therefore, there is a disputed question of fact regarding when the conflict became apparent to relators.

"This Court cannot resolve the conflicting factual assertions by the parties concerning waiver." *Grant v. Thirteenth Court of Appeals*, 888 S.W.2d 466, 468 (Tex. 1994) (per curiam) (orig. proceeding) (supp. op.); *see also In re Angelini*, 186 S.W.3d 558, 560 (Tex. 2006) (orig. proceeding) ("It is well established Texas law that an appellate court may not deal with disputed areas of fact in an original mandamus proceeding.") (internal quotations omitted). Thus, because it is disputed whether the conflict of interest that underlies the relators' motion to disqualify became apparent to relators only approximately three months before filing the motion to disqualify or instead was apparent much earlier, we cannot conclude as a matter of law that relators waived the complaint. *Cf. Buck v. Palmer*, 381 S.W.3d 525, 528 (Tex. 2012) (per curiam) (waiver occurred with unexplained seven-month

delay); *Vaughan v. Walther*, 875 S.W.2d 690, 691 (Tex. 1994) (per curiam) (orig. proceeding) (waiver occurred with delay of six and one-half months).

The real parties further suggest a lack of diligence by relators specifically in seeking mandamus relief, noting that relators filed this original proceeding on the Thursday before a trial setting scheduled for the following Monday. To the extent the real parties intended for this argument to be distinct from the issue of waiver, the argument falls short. The trial court's decision that relators challenge in this original proceeding was not rendered until August 28, 2014, just two weeks before relators sought mandamus relief. The real parties provide no argument why this does not constitute sufficient diligence in seeking mandamus relief. *Cf. In re Boehme*, 256 S.W.3d 878, 888 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding) ("Cases in which laches has applied to deny mandamus relief have involved delays of months, not a few days.").

## IV. CONCLUSION

The trial court disqualified Attorney Monty in part pursuant to Rules 1.05 and 1.09(a) of the Texas Disciplinary Rules of Professional Conduct, and neither relators nor the real parties have challenged the trial court's decision to disqualify Attorney Monty. Having so disqualified Attorney Monty, it was an abuse of discretion for the trial court not to disqualify the firm of Monty & Ramirez, LLP, because the confidential information known to Attorney Monty that formed the basis for the conflict of interest is imputed by law to the other attorneys in Attorney Monty's firm.

Therefore, we conditionally grant relators' petition for writ of mandamus, and direct the trial court to vacate its order dated August 28, 2014 denying relators' motion to disqualify the firm of Monty & Ramirez, LLP, and to enter an order granting the same. We are confident that the respondent will act in accordance with this opinion. The writ will issue only if the trial court fails to do so.

We also lift our stay granted on September 12, 2014.

PER CURIAM

Panel consists of Justices McCally, Brown, and Wise.