ACCEPTED
12-15-00307-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
12/16/2015 5:03:28 PM
Pam Estes
CLERK

IN THE
TWELFTH DISTRICT COURT OF APPEALS
TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

12/16/2015 5:03:28 PM

PAM ESTES
Clerk

In Re KELLY BRADY

Original Proceeding From the
114th Judicial District Court of Smith County, Texas

## PETITION FOR WRIT OF MANDAMUS

William S. Hommel, Jr.
HOMMEL LAW FIRM
1404 Rice Road, Suite 200
Tyler, Texas 75703
State Bar No. 09934250

ATTORNEY FOR KELLY BRADY, RELATOR

ORAL ARGUMENT REQUESTED

# IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties, as well as the names and addresses of all counsel.

| **PARTIES** | **COUNSEL** |
|---|---|
| Relator: | |
| Kelly Brady<br>1172 Hunters Trail<br>Flint, TX 75762 | William S. Hommel, Jr.<br>Hommel Law Firm<br>1404 Rice Road, Suite 200<br>Tyler, Texas 75703 |
| Respondent: | |
| THE HON. CHRISTI KENNEDY<br>Smith County Courthouse<br>100 N. Broadway, Room 209<br>Tyler, Texas 75702 | None |
| Real Party in Interest: | |
| JKS Travel, Inc. dba<br>Travel Masters and<br>Sharon K. Howell<br><br>915 W. Southwest Loop 323<br>Tyler, TX 75701 | Roger Anderson<br>Gillen & Anderson<br>613 Shelley Park Plaza<br>Tyler, Texas 75701 |

# TABLE OF CONTENTS

Index of Authorities ..................................................................................................iv

Statement of the Case..............................................................................................1

Statement of Jurisdiction…………………………………………………………2

Issues Presented ......................................................................................................2

Statement of Facts...................................................................................................2

Argument and Authorities.......................................................................................4

Conclusion ..............................................................................................................8

Verification .............................................................................................................10

Certificate of Compliance…………………………………………………………11

Certificate of Service .............................................................................................11

Appendix

     Trial Court's Order Denying Motion to Disqualify ................................ Tab 1

     Declaration of Kelly Brady…………………………………………...Tab 2

     Emails between Gillen and Brady…………………………………...Tab 3

# INDEX OF AUTHORITIES

## CASES

*CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex.1996)………………………………..8

*In re Columbia Valley Healthcare Sys., L.P.*, 320 S.W.3d 819, 824 (Tex. 2010) (orig. proceeding)……………………………………………………………………………….6

*In re Epic Holdings, Inc.*, 985 S.W.2d 41 (Tex., 1998)…………………………….6

*In re Gunn*, No. 14-13-00566-CV, 2013 WL 5631241, *2 (Tex. App.—Houston [14th Dist.] Oct. 15, 2013, orig. proceeding) (mem. op., per curiam)……….…...5

*In re Louisiana Texas Healthcare Mgmt., L.L.C.*, 349 S.W.3d 688, 689 (Tex. App. 2011)………………………………………………………………………………...4

*In re Mitcham*, 133 S.W.3d 274, 276 (Tex. 2004) (per curiam) (orig. proceeding)..6

*In re Nitla*, 92 S.W.3d at 423……………………………………………………….4

*In re Ruvalcaba*, 2014 WL 5089388(Tex. App Houston [14th] 2014)……………………………………………………..……………7

*In re Sanders*, 153 S.W.3d 54, 57 (Tex. 2004)…………………………………….4

*In re Users Sys. Servs., Inc.*, 22 S.W.3d 331, 336 (Tex. 1999)…………………..5

*National Medical Enterprises, Inc. v. Godbey*, 924 S.W.2d 123, 133 (Tex.1996) (orig. proceeding)………………………………………………………………...4

*NCNB Texas Nat'l Bank v. Coker*, 765 S.W.2d 398, 400 (Tex.1989)………………4

*Spears v. Fourth Ct. App.*, 797 S.W.2d 654, 656 (Tex. 1990)………………………5

*Walker v. Packer*, 827 S.W.2d 833, 842 (Tex.1992)………………………………..4

## STATUTES AND RULES

TEX. GOV'T CODE § 22.221(b)(1)…………………………………………..2

Tex. Disciplinary R. Prof. Conduct, R. 1.09 (1989)………………………………..5

## STATEMENT OF THE CASE

This case was filed by Kelly Brady ("Brady"), who worked for Defendant JKS Travel, Inc. dba Travel Masters ("Travel Masters") as a travel consultant from 2008 to March 13, 2015. Defendant, Sharon K. Howell is the President and CEO of Travel Masters. Brady filed suit on August 27, 2015 seeking an accounting of her commissions, breach of contract, a declaration that her non-complete was not enforceable, for tortious interference and defamation. The case was assigned to the Honorable Christi Kennedy in the 114th District Court in Smith County. After learning the identity of defense counsel, Brady filed a motion to disqualify the firm of Gillen & Anderson by reason of communications with James Gillen's in connection with his prior representation of Brady regarding the formation of the business in which she has worked since her separation of employment from Travel Masters. Brady claims she disclosed information to Gillen with are directly related to her claims against Howell and Travel Masters. A hearing on the motion to disqualify was held on November 6, 2015. On November 19, 2015, Judge Kennedy denied the Motion and entered the attached Order. See Appendix, Tab 1.

Brady seeks relief from Judge Kennedy's Order. Defense Counsel's prior representation of Brady constitutes a conflict of interest and also is a violation of Rule 1.09 of the Texas Disciplinary Rules of Professional Conduct. Mandamus is appropriate under the circumstances because Judge Kennedy abused her discretion

1

in denying Brady's Motion and because Brady has no adequate remedy by appeal. Brady respectfully requests that this Petition be granted and that the Court require Judge Kennedy to vacate her prior order and disqualify Gillen & Anderson from its representation of Defendants.

## STATEMENT OF JURISDICTION

This Court has jurisdiction over this Petition under TEX. GOV'T CODE § 22.221(b)(1).

## ISSUES PRESENTED

First, whether the trial court abused its discretion in failing to disqualify defense counsel based upon its prior representation of Relator and the disclosure by Relator to defense counsel of facts regarding the claims asserted against Defendant in the underlying case.

## STATEMENT OF FACTS

Relator is Kelly Brady; Defendants are JKS Travel, Inc. dba Travel Masters and Sharon K. Howell; opposing counsel is Roger Anderson of Gillen & Anderson of Tyler, Texas. Brady is a former employee of JKS Travel, Inc. dba Travel Masters.

Relator sued Defendants for a declaratory judgment, for an accounting and for tortious interference. The crux of Relator's claims against Defendants relate to her

2

allegation that Travel Masters did not provide her with an accounting of her commissions earned and possibly failed to pay commissions properly, as well as her claims that Sharon K. Howell has disparaged Brady in an effort to harm her business and also caused Brady harm in her divorce proceeding.

Relator retained the firm of Gillen & Anderson, specifically James Gillen, to advise her regarding the formation of her new travel business, 5 Star Travel. Relator discussed factual issues with Mr. Gillen which are now the same factual allegations which form the basis for Relator's claims against Travel Masters and Howell. These conversations were recounted in Relator's declaration filed with the trial court, which is attached hereto behind Tab 2. Additionally, Relator has attached the emails between herself and Mr. Gillen regarding his representation of Relator, which are attached hereto behind Tab 3. The factual basis for Relator's petition are some of the same facts which she disclosed and discussed with Mr. Gillen.

Relator filed a motion asking the trial court to disqualify the firm of Gillen & Anderson from further representation of all Defendants because of counsel's prior representation of Relator. At the hearing on the Motion to Disqualify, Relator testified to the matters contained in her declaration and specifically testified the she

disclosed to James Gillen the facts which form the basis for her lawsuit.[1]  The trial court denied the motion to disqualify defense counsel from its representation of Defendants.   The order denying the motion to disqualify is attached hereto behind Tab 1.

## ARGUMENT AND AUTHORITIES

The denial of a motion to disqualify is reviewable by mandamus. See *National Medical Enterprises, Inc. v. Godbey*, 924 S.W.2d 123, 133 (Tex.1996*); In re Louisiana Texas Healthcare Mgmt., L.L.C.*, 349 S.W.3d 688, 689 (Tex. App. 2011). To obtain mandamus relief, Brady must show that the district court's refusal to disqualify Gillen & Anderson as defense counsel in the pending litigation was a clear abuse of discretion for which there is no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 842 (Tex.1992).

The movant bears the burden to prove that the attorney should be disqualified. See *In re Sanders*, 153 S.W.3d 54, 57 (Tex. 2004) (stating the party requesting disqualification must demonstrate an opposing lawyer's dual roles as attorney and witness will cause the party actual prejudice); *In re Nitla*, 92 S.W.3d at 423 (holding that the party moving to disqualify opposing counsel who reviewed privileged

---

1 The transcript of the hearing on the Motion to Disqualify has been requested from Cassie Condrey, the official reporter for the 114th Judicial District Court.   Relator will supplement the record as soon as the transcript is prepared.

4

documents must show actual harm and that disqualification is necessary because the trial court lacks any lesser means to remedy the moving party's harm); *NCNB Texas Nat'l Bank v. Coker,* 765 S.W.2d 398, 400 (Tex.1989) (requiring moving party to prove the existence of a prior attorney-client relationship in which the factual matters involved were so related to the facts in the pending litigation that it creates a genuine threat that confidences revealed to the former counsel will be divulged to the present adversary). This burden requires proof of specific facts to meet the exacting standard necessary to establish disqualification is required. See: *Spears v. Fourth Ct. App.*, 797 S.W.2d 654, 656 (Tex. 1990).

The Texas Disciplinary Rules of Professional Conduct do not determine whether counsel is disqualified, but they do provide guidelines and suggest the relevant issues courts should consider. *Nat'l Med. Enters., Inc. v. Godbey*, 924 S.W.2d 123, 132 (Tex. 1996). Even if a lawyer violates a disciplinary rule, however, the party requesting disqualification must demonstrate that the opposing lawyer's conduct caused actual prejudice that requires disqualification. See: *In re Users Sys. Servs., Inc.,* 22 S.W.3d 331, 336 (Tex. 1999); *In re Gunn*, No. 14-13-00566-CV, 2013 WL 5631241, *2 (Tex. App.—Houston [14th Dist.] Oct. 15, 2013, orig. proceeding) (mem. op., per curiam).

5

Relator contends that allowing Defendant's counsel to continue his representation of Defendants will violate Rule 1.09 of the Texas Disciplinary Rules of Professional Conduct, which provides in pertinent part:

> Without prior consent, a lawyer who personally has formerly represented a client in a matter shall not thereafter represent another person in a matter adverse to the former client: (3) if it is the same or a substantially related matter. See also: *In re Epic Holdings, Inc.*, 985 S.W.2d 41 (Tex., 1998).

Relator contends that Mr. Anderson's representation of Defendants is in violation of Rule 1.09, which addresses conflicts of interest that arise in representing someone who is adverse to a former client. See Tex. Disc. R. Prof'l Conduct 1.09, reprinted in Gov't Code tit. 2, subtit. G, app. A, art. 10, § 9. See also, *In re Gunn,* No. 14-13-00566-CV, 2013 WL 5631241, *2 (Tex. App.—Houston [14th Dist.] Oct. 15, 2013, orig. proceeding) (mem. op., per curiam).

Opposing counsel should be disqualified because his law firm represented Relator in a matter involving a matter factually related to the current case. See: Ex A - Declaration of Kelly Brady. If a lawyer works on a matter, "there is an irrebuttable presumption that the lawyer obtained confidential information during representation." *In re Columbia Valley Healthcare Sys., L.P.*, 320 S.W.3d 819, 824 (Tex. 2010) (orig. proceeding). Furthermore, an "attorney's knowledge is imputed by law to every other attorney in the firm *Nat'l Med. Enters., Inc. v. Godbey*, 924

6

S.W.2d 123, 131 (Tex. 1996) (orig. proceeding). Consequently, there is an "irrebuttable presumption that an attorney in a law firm has access to the confidences of the clients and former clients of other attorneys in the firm." *Id.*; see also *In re Mitcham*, 133 S.W.3d 274, 276 (Tex. 2004) (per curiam) (orig. proceeding). ("For attorneys, there is an irrebuttable presumption they gain confidential information on every case at the firm where they work (whether they work on them or not*).") . In re Ruvalcaba* 2014 WL 5089388 (Tex. App – Houston [14th] 2014).

The information imparted by Relator to James Gillen form the crux of the complaint against the Defendants.  Relator discussed with Gillen her belief that she was not paid properly, that Sharon Howell had disparaged her and finally the enforceability of her non-compete agreement with Travel Masters. The meeting as documented by Relator's testimony, declaration and the email correspondence establish a conflict that cannot be overcome by Gillen's testimony.  Gillen testified that he recalled meeting with Brady on one occasion, but his memory was vague as to the exact nature of the conversations.  Gillen does not dispute his prior representation of Travel Masters, nor does he dispute his representation of 5 Star Travel.

Additionally, if opposing counsel is permitted to participate, there will be an appearance of impropriety because his law firm previously represented Relator in a

7

matter closely related to the matter before the Court. Further, the likelihood of public suspicion resulting from the impropriety outweighs any social interest that will be served by Mr. Anderson's participation. Specifically, the public is entitled to have confidence in the legal profession that allows them to trust the justice system without a conflict of interest being allowed to exist on the part of one of the lawyers representing a party and then taking the other side of the case.

Judge Kennedy's denial of the motion to disqualify can only be explained by her complete disregard of Relator's proof of her conversations and communications with Gillen. This is the essence of an abuse of discretion. A clear abuse of discretion occurs when an action is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex.1996).

## CONCLUSION

For these reasons, Brady respectfully requests this Court upon final consideration grant the writ and order Judge Kennedy to vacate her Order and disqualify the firm of Gillen & Anderson from its representation of Defendants.

Respectfully submitted,

_____
William S. Hommel, Jr.
State Bar No. 09934250
HOMMEL LAW FIRM
1404 Rice Road, Suite 200
Tyler, Texas 75703
(903) 596-7100
(469) 533-1618 Facsimile

ATTORNEY FOR KELLY BRADY, RELATOR

# VERIFICATION

State of Texas      §  
                     §  
County of Smith    §

BEFORE ME, the undersigned notary public, on this day personally appeared William S. Hommel, Jr., who being duly sworn by me deposed and said:

1. I am counsel of record for Kelly Brady, Relator in this case. I am over 21 years of age and am competent to make this affidavit. I have read the Petition for Writ of Mandamus to which this verification is attached, and every factual statement contained in the petition is within my personal knowledge and is true and correct.

Further, Affiant sayeth not.

_____  
William S. Hommel, Jr.  
Attorney for Kelly Brady

SWORN TO AND SUBSCRIBED BEFORE ME, on the 16th day of December, 2015, to certify which witness my hand and official seal.

SUZANNE E. MCLAUGHLIN  
Notary Public, State of Texas  
My Commission Expires  
August 07, 2017

_____  
Notary Public  
State of Texas

10

## CERTIFICATE OF COMPLIANCE

I hereby certify that this petition complies with the type-volume limitation set out in Tex. R. App. P. 9.4 (i)(3). The brief was prepared using Word 2013, and contains 1,688 words.

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was forwarded on December 16, 2015 via electronic mail and facsimile to:


The Honorable Christi Kennedy
114th Judicial District Court
100 N. Broadway
Smith County Courthouse
Tyler, Texas 75702

Roger Anderson
Gillen & Anderson
613 Shelley Park Plaza
Tyler, Texas 75701

_____
William S. Hommel, Jr.
Attorney for Relator

11

# TAB 1

NO. 15-1812-B

| | | |
|---|---|---|
| **KELLY BRADY** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | **OF SMITH COUNTY, TEXAS** |
| | § | |
| **JKS TRAVEL, INC. d/b/a** | § | |
| **TRAVEL MASTERS AND** | § | |
| **SHARON K. HOWELL** | § | **114ᵀᴴ JUDICIAL DISTRICT** |

## ORDER

On this day came on to be considered Plaintiff's Motion to Disqualify Opposing Counsel, and the Court is of the opinion that said Motion is not well taken.

It is, accordingly, **ORDERED, ADJUDGED** and **DECREED** that Plaintiff's Motion to Disqualify Opposing Counsel is **DENIED.**

SIGNED this _____ day of _____, 2015.

_____
JUDGE PRESIDING

**ORDER - PAGE SOLO**

# TAB 2

| | | |
|---|---|---|
| **KELLY BRADY**<br>Plaintiff | §<br>§<br>§<br>§ | **IN THE DISTRICT COURT OF** |
| **vs** | §<br>§ | |
| **JKS TRAVEL, INC. DBA**<br>**TRAVEL MASTERS AND**<br>**SHARON K. HOWELL**<br>Defendant | §<br>§<br>§<br>§<br>§ | **SMITH COUNTY, TEXAS**<br><br>**114ᵗʰ JUDICIAL DISTRICT** |

## DECLARATION OF KELLY BRADY

Pursuant to 6 C.P.R.C § 132.001 Kelly Brady declares as follows:

"My name is Kelly Brady. I declare under penalty of perjury that the following statements are true and correct.

I hired Gillen and Anderson and staff at 613 Shelley Park Plaza in Tyler to help me set up a LLC and a Tax ID for LTGTR Travel, DBA 5 Star Escapes. We set it up for Mr. Thomas Bryant to be Registered Agent and sole member of the LLC and for me to be his employee.

Gillen and Anderson is named as the Organizer for LTGTR Travel, LLC. They worked with me since the end of March until the end August of this year.

During the process I have had conversations with Mr. James Gillen of Gillen and Anderson about Travel Masters, Sharon Howell and the reason I left Travel Masters. Some of the conversations included my concerns for being denied a pay-stub, copy of the non-compete agreement and about Ms. Howell giving out my private and employee information to my soon to be ex-husband and his attorney. Mr. Gillen told me that he had worked for Ms. Howell in the past, however, nothing that had to do with me.

I have attached emails send and received from myself and James Gillen regarding his representation of me and my company as Exhibit A. I have also attached copies of documents filed with the Texas Secretary of State on behalf of my company by James Gillen as Exhibit B.

Now that Ms. Howell has hired Gillen and Anderson, I am very uncomfortable that Gillen and Anderson has inside knowledge of my side of the case and access to any of my information."

Executed in _Smith_ County, Texas, on the _19_ day of _October_ 2015.

_Kelly Brady_
Kelly Brady

# TAB 3

| | |
|---|---|
| **From:** | 5starescapes@gmail.com |
| **Sent:** | Wednesday, September 23, 2015 3:35 PM |
| **To:** | Bill Hommel |
| **Subject:** | Fw: Fwd: LTGTR Travel, LLC |
| **Attachments:** | Acknowledgment.pdf; Certificate.pdf; Original_Document.pdf |

See Below.

# KELLY BRADY  CTA,DS
# 5 STAR ESCAPES
PO Box 263    Flint TX 75762
5StarEscapes@gmail.com
903.710.2628

 The world is your canvas...Let us help create your masterpiece!

Proudly Affiliated with NEXION and Travel Leaders.

**From:** 5StarEscapes
**Sent:** Monday, April 13, 2015 2:33 PM
**To:** Kelly Brady
**Subject:** Fwd: LTGTR Travel, LLC


---------- Forwarded message ----------
From: **5StarEscapes** <5starescapes@gmail.com>
Date: Tue, Mar 24, 2015 at 2:06 PM
Subject: Fwd: LTGTR Travel, LLC
To: Jim Gillen <jim@gillenanderson.com>


Hello Jim,

Lynn's SS number. It is 451- 92-6250.

Lynn and I want to so thank you for helping us with the LLC and the tax ID number.

You have been a big help!!

Kelly Brady
903-570-6392

**From:** Jim Gillen <jim@gillenanderson.com>
**Date:** March 23, 2015 at 8:32:36 AM CDT
**To:** "kellyvs1@gmail.com" <kellyvs1@gmail.com>
**Subject:** FW: LTGTR Travel, LLC

Good Morning Kelly—


The LLC has been approved by the Secretary of State.


At such time as you need to open a bank account for the business, you will also need a tax id number. You really need to have the accountant for your business obtain this number—he can get it with the attached + Lynn's Social Sec #. If you would rather me obtain it, I can do it if you will get Lynn's SS # for me. I normally prefer accountants to do that part only because there are tax elections called for on the form that I am not qualified to know. If I do get it, I need to know how many employees you expect to have during the first year.


JIM GILLEN

GILLEN & ANDERSON, ATTORNEYS

613 Shelley Park Plaza

Tyler, TX 75701

903/581-3861 (Direct Dial)

903/581-8600 (Main Firm line)

903/581-8790 (Fax)

---

**From:** Bonnie Brooks
**Sent:** Monday, March 23, 2015 8:21 AM
**To:** Jim Gillen
**Subject:** LTGTR Travel, LLC

Jim, attached are the Secretary of State's approval docs for LTGTR Travel, LLC.

Bonnie Brooks

Legal Assistant to James B. Gillen, Jr.

Gillen & Anderson

613 Shelley Park Plaza

Tyler, TX  75701

Phone:  (903) 581-8600

Fax:  (903) 581-8790

Email:  bbrooks@gillenanderson.com

| | |
|---|---|
| **From:** | 5starescapes@gmail.com |
| **Sent:** | Wednesday, September 23, 2015 3:36 PM |
| **To:** | Bill Hommel |
| **Subject:** | Fw: Tax id |
| **Attachments:** | CCE03252015_0001.pdf |

KELLY BRADY CTA,DS

5 STAR ESCAPES

PO Box 263  Flint TX 75762

5StarEscapes@gmail.com

903.710.2628

The world is your canvas...Let us help create your masterpiece!

Proudly Affiliated with NEXION and Travel Leaders.

**From:** Jim Gillen
**Sent:** Wednesday, March 25, 2015 8:20 AM
**To:** 5StarEscapes
**Subject:** Tax id

Kelly—

Attached is tax id I obtained this morning.

We will file today online with the Secy of state the dba for 5 Star Escapes. Also, one should be filed with our local County Clerk, but that is one we will have to prepare and have you sign.

Anyway, that will not hold you up from doing any and everything you need to do.

JIM GILLEN
GILLEN & ANDERSON, ATTORNEYS
613 Shelley Park Plaza
Tyler, TX 75701
903/581-3861 (Direct Dial)

903/581-8600 (Main Firm line)
903/581-8790 (Fax)