**Petition for Writ of Mandamus Denied and Majority and Dissenting Opinions filed January 30, 2020.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00585-CV

---

## IN RE TOTAL PETROCHEMICALS & REFINING USA, INC., Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**215th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-54808**

---

## MAJORITY OPINION

Relator Total Petrochemicals & Refining USA, Inc. filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, Total asks this court to compel the Honorable Elaine H. Palmer, presiding judge of the 215th District Court of Harris County, to vacate her June 28, 2019 order to the extent that it compels the deposition of a nonparty witness without a subpoena having been served on the witness. We deny the petition.

## I. BACKGROUND

Total, which produces polyethylene at its high-density polyethylene plant in Bayport, Texas, sued White Tucker Company; Jonell Filtration Products, Inc.; Filtration Group, LLC; and Texas Filtration, Inc. ("Defendants") for the shutdown of one of the units at its plant for approximately 11 days allegedly due to problems caused by the improper fabrication of guard filters manufactured and distributed by the Defendants. The Defendants sought to take the deposition of Julian Libeert, an engineer who wrote a memorandum analyzing the cause of the shutdown. Total advised the Defendants that Libeert was not its employee and, therefore, the Defendants would have to subpoena Libeert if they wanted to take his deposition as a nonparty witness. The Defendants moved to compel Libeert's deposition on the ground that Libeert is Total's employee or, alternatively, Total otherwise has control over Libeert such that it was not necessary to subpoena him. Total responded that Libeert worked for another related entity, not for Total, and Total had no control over Libeert.

On June 28, 2019, the trial court signed an order compelling Total to produce Libeert for deposition within 45 days of the order. In this mandamus proceeding, Total asks this court to compel the trial court to set aside the trial court's June 28, 2019 order with respect to compelling Libeert's deposition without a subpoena.

## II. ANALYSIS

Ordinarily, to be entitled to a writ of mandamus, a relator must show that the trial court clearly abused its discretion, and that it lacks an adequate remedy by appeal. *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (original proceeding) (per

curiam). Total contends that the trial court abused its discretion by compelling it to produce Libeert for deposition, without a subpoena, because Libeert is not an employee of Total or under Total's control. Thus, Total claims that the Defendants may only obtain Libeert's deposition by personally serving Libeert with a subpoena. *See* Tex. R. Civ. P. 199.3 (providing that party may compel nonparty witness to attend deposition by serving witness with subpoena; if witness is retained by, employed by, or otherwise subject to control of party, attorney for party may be served with notice of oral deposition); Tex. R. Civ. P. 205.1(a) (providing that party may compel deposition of nonparty by serving subpoena).

By its order compelling the deposition of Libeert without the Defendants' serving a subpoena on Libeert, the trial court made an implied finding that Libeert is an employee of Total or otherwise subject to Total's control. A party attacking the legal sufficiency of an adverse finding on which it had the burden of proof must show that the evidence conclusively establishes all vital facts in support of the issue. *Dow Chem. Co. v. Frances*, 46 S.W.3d 237, 241 (Tex. 2001). When a party challenges the legal sufficiency of the evidence on a finding on which it did not have the burden of proof, the party must show that no evidence supports the finding. *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 215 (Tex. 2011).

Total asserts that the Defendants had the burden of proof on the motion to compel to establish that Libeert is Total's employee or is otherwise under Total's control because they did not notice his deposition. Otherwise, according to Total, it would have had to move to quash the deposition or for protection, thereby placing the burden on Total to establish that Libeert was not its employee or otherwise under its control. The Defendants do not dispute Total's assertion that they had the burden

3

of proof on the motion to compel, but argue that all the evidence presented to the trial court is sufficient to establish that Libeert was Total's employee or otherwise under Total's control.

However, it is not necessary to determine who bore the burden of proof here. The trial court decided a fact issue in this case. It is well-settled law that appellate courts do not deal with disputed areas of fact in original proceedings. *In re Angelini*, 186 S.W.3d 558, 560 (Tex. 2006) (orig. proceeding). Factual determinations by the trial court may not be disturbed by mandamus review if those determinations are supported by the evidence. *In re La. Tex. Healthcare Mgmt., L.L.C.*, 349 S.W.3d 688, 690 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). "The relator must establish that the trial court could reasonably have reached only one decision." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

Total has the burden to bring a record establishing that it is entitled to mandamus relief. *See id.* at 837. Total has not presented a record to show that (1) the evidence conclusively establishes that Libeert is not its employee or that it otherwise has control over Libeert, or (2) no evidence supports the trial court's finding that Libeert is Total's employee or that he is otherwise under Total's control. Therefore, Total has not shown that the only decision the trial court could have made was that Libeert is not Total's employee or otherwise under Total's control, and the trial court did abuse its discretion in compelling the deposition of Libeert without a subpoena having been issued.[1]

---

[1] Having determine that the trial court did not abuse its discretion, it is not necessary to address whether Total lacks an adequate remedy by appeal.

4

### III. CONCLUSION

Total has not shown that it is entitled to mandamus relief. Accordingly, we deny Total's petition for writ of mandamus.

/s/    Charles A. Spain
        Justice

Panel consists of Chief Justice Frost and Justices Spain and Poissant. (Frost, C.J., dissenting).