**Petition for Writ of Mandamus Denied and Opinion filed August 13, 2020.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-20-00276-CV**

---

**IN RE TEXAN MILLWORK, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**333rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-20205**

---

## MEMORANDUM OPINION

On Tuesday, April 14, 2020, Texan Millwork filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Daryl L. Moore, presiding judge of the 333rd District Court of Harris County, to vacate his April 1, 2020 order compelling relator to produce Lazaro Cabrera for deposition in 21 days. *See* Tex. R. Civ. P. 199.3. Relator also filed a motion for temporary relief, seeking a stay of the order. *See* Tex. R. App. P. 52.10.

That motion was granted by our order of April 17, 2020. A response was requested and has been filed by the real parties in interest, Sejal and Kavan Adeshara. Relator filed a reply.

To be entitled to a writ of mandamus, a relator must show that the trial court clearly abused its discretion, and that it lacks an adequate remedy by appeal. *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (original proceeding) (per curiam). Relator contends the trial court abused its discretion by compelling it to produce Cabrera for deposition, without a subpoena, because Cabrera is not relator's employee or under relator's control. Thus, relator argues, Cabrera's deposition may only be obtained by personally serving Cabrera with a subpoena. *See* Tex. R. Civ. P. 199.3 (providing that party may compel nonparty witness to attend deposition by serving witness with subpoena; if witness is retained by, employed by, or otherwise subject to control of party, attorney for party may be served with notice of oral deposition); Tex. R. Civ. P. 205.1(a) (providing that party may compel deposition of nonparty by serving subpoena).

By its order compelling Cabrera's deposition without service of a subpoena, the trial court impliedly found Cabrera is either relator's employee or otherwise subject to relator's control. *See In re Total Petrochemicals & Ref. USA, Inc.*, 595 S.W.3d 904, 905–07 (Tex. App.—Houston [14th Dist.] 2020, no pet.). Relator contends it conclusively proved Cabrera is neither. The real parties in interest counter that they produced sufficient evidence to demonstrate Cabrera was otherwise subject to relator's control.

Our review of the record reveals the trial court decided a fact issue in this case. There is evidence in the record that Cabrera worked for relator installing

granite countertops, an employee of relator arranged for Cabrera to pick up the granite the day of the incident, relator's employee was with Cabrera on the day of the incident and they selected the granite slabs together, and Cabrera was the only person installing granite countertops for relator at the time of the incident. Thus, the record before this court does not demonstrate there is no evidence to support the trial court's implied finding that Cabrera is relator's employee or that he is otherwise under relator's control. While there is evidence to the contrary, it is well-settled law that appellate courts do not deal with disputed areas of fact in original proceedings. *In re Angelini*, 186 S.W.3d 558, 560 (Tex. 2006) (orig. proceeding). Factual determinations by the trial court may not be disturbed by mandamus review if those determinations are supported by the evidence. *In re La. Tex. Healthcare Mgmt., L.L.C.*, 349 S.W.3d 688, 690 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding).

Relator has not established "that the trial court could reasonably have reached only one decision." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). Accordingly, relator has not shown it is entitled to mandamus relief. We deny the petition for writ of mandamus and lift our stay of the trial court's order.

PER CURIAM

Panel consists of Justices Bourliot, Hassan, and Poissant.

3